In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-3465

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

*v.*

SAMUEL R. HOGSETT,

        *Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 05-cr-30196 — **Staci M. Yandle**, *Judge.*

ARGUED OCTOBER 2, 2020 — DECIDED DECEMBER 7, 2020

Before RIPPLE, KANNE, and HAMILTON, *Circuit Judges.*

KANNE, *Circuit Judge.* Samuel Hogsett was sentenced to nearly thirty years in prison after a jury convicted him of three crimes. One of those crimes was possession of crack cocaine with intent to distribute. 21 U.S.C. § 841(a)(1), (b)(1)(C).

Since Hogsett's sentencing, Congress has passed two laws—the Fair Sentencing Act of 2010 and the First Step Act of 2018—which permit federal inmates to seek a sentence

reduction for certain "covered offenses." Hogsett argues, and we agree, that possession with intent to distribute crack cocaine, in violation of § 841(a)(1), (b)(1)(C), is a covered offense. Accordingly, we reverse the district court's conclusion to the contrary and remand for the district court to reconsider Hogsett's sentence.

## I. BACKGROUND

During a traffic stop on July 16, 2005, law enforcement searched Samuel Hogsett's vehicle and discovered two bags of crack cocaine and a firearm. After his trial in 2007, a jury convicted Hogsett of three crimes:

- Count 1: being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1);
- Count 2: possessing with intent to distribute 0.5 grams of a mixture or substance containing cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(C);
- Count 3: possessing a firearm during and in relation to a drug-trafficking crime, 18 U.S.C. § 924(c)(1).

At Hogsett's sentencing in April 2007, the district court found that Hogsett's relevant conduct was approximately 21.5 grams of crack cocaine—0.5 grams from the vehicle search and 21 grams from prior, noncharged instances of trafficking. The court sentenced him to 355 months' imprisonment: 295 months on Count 1, 240 months concurrently on Count 2, and 60 months consecutively on Count 3.

Three years later, Congress passed the Fair Sentencing Act of 2010, reducing the crack-to-powder penalty disparity from 100:1 to 18:1. Pub. L. No. 111-220, 124 Stat. 2372 (2010); *Dorsey v. United States*, 567 U.S. 260, 263–64 (2012). And in 2018, Congress made this reduction retroactive when it

enacted the First Step Act of 2018, permitting district courts to reduce the sentences of defendants convicted of a "covered offense" before August 3, 2010. Pub. L. No. 115-391, 132 Stat. 5194 (2018).

In 2019, Hogsett filed a motion for resentencing pursuant to § 404 of the First Step Act. The district court denied his motion and concluded that Hogsett's crime under 21 U.S.C. § 841(a)(1), (b)(1)(C) is not a "covered offense." Hogsett now appeals.

## II. ANALYSIS

The sole issue on appeal is whether Hogsett's crime of possessing with intent to distribute 0.5 grams of crack cocaine is a "covered offense" under the First Step Act. We review this question of statutory interpretation *de novo*. *United States v. Shaw*, 957 F.3d 734, 738 (7th Cir. 2020).

Under the First Step Act, "[a] court that imposed a sentence for a covered offense may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act, § 404(b) (citation omitted). "[T]he term 'covered offense' means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010." *Id.* § 404(a). So, to determine whether Hogsett's crime for possession of 0.5 grams of crack cocaine with intent to distribute is a "covered offense," we must determine (1) the exact "criminal statute" that Hogsett was convicted of violating and (2) whether its "statutory penalties" were "modified by sections 2 or 3 of the Fair Sentencing Act of 2010."

*A. Hogsett was convicted under 21 U.S.C. § 841(a)(1) and (b)(1)(C) for possessing with intent to distribute 0.5 grams of crack cocaine*

Hogsett and the government disagree about which subsections of 21 U.S.C. § 841 matter for analysis under the First Step Act. Section 841(a)(1) identifies Hogsett's unlawful conduct—"it shall be unlawful for any person knowingly or intentionally … [to] possess with intent to … distribute … a controlled substance." Then, § 841(b)(1)(C) specifies Hogsett's penalty for that conduct based on the quantity of the controlled substance involved—"[i]n the case of a controlled substance in schedule I or II, … except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years … ." Hogsett argues that either § 841(a) alone or § 841 as a whole is the statute of conviction, while the government maintains that the statute of conviction must also include the quantity provision—here, § 841(b)(1)(C).

The Supreme Court has held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 570 U.S. 99, 103 (2013). So the quantity of a controlled substance involved in an offense under § 841 is an element that the government must prove beyond a reasonable doubt at trial—in other words, the quantity is part of the offense. *United States v. Birt*, 966 F.3d 257, 261–62 (3d Cir. 2020) ("[U]nder *Alleyne*, any fact that legally requires an increased penalty is an element of the substantive crime itself. And if it is necessary to prove different facts for there to be different penalties, then there are different crimes, not merely the same crime with different penalties."). We came to the

same conclusion in *Shaw*, determining that "[t]he relevant provision of the Fair Sentencing Act of 2010, section 2, … broadly modified penalties for entire categories of offenses that include fixed aggravating elements, such as the weight of the drug." 957 F.3d at 739. *But see United States v. Smith*, 954 F.3d 446, 449 (1st Cir. 2020) ("The relevant statute that Smith violated is either § 841 as a whole, or § 841(a), which describes all the conduct necessary to violate § 841."). Thus, Hogsett's statute of conviction is not § 841(a) or § 841 as a whole, as Hogsett argues. Rather, the statute of conviction includes § 841(a)(1) and § 841(b)(1)(C)—both the conduct and the quantity provisions.

*B. The statutory penalties for Hogsett's statute of conviction, § 841(a)(1), (b)(1)(C), were modified by section 2 of the Fair Sentencing Act*

As a reminder, for Hogsett's crime under § 841(a)(1), (b)(1)(C) to be a "covered offense" under the First Step Act, the statutory penalty for that crime must have been "modified by sections 2 or 3 of the Fair Sentencing Act of 2010." First Step Act, § 404(a). Hogsett and the government disagree about whether the Fair Sentencing Act "modified" Hogsett's statutory penalty as set out in § 841(b)(1)(C).

The Fair Sentencing Act helped level the disparity between the penalties for crack-cocaine and powder-cocaine offenses set forth in § 841(b)(1)(A), (B), and (C). *Dorsey*, 567 U.S. at 268–69. Before Congress passed the Fair Sentencing Act, convictions involving 50 grams or more of crack cocaine were subject to § 841(b)(1)(A)(iii)'s penalty range of 10 years to life imprisonment. Convictions involving 5 grams or more were subject to § 841(b)(1)(B)(iii)'s penalty range of 5 to 40 years. And convictions involving unspecified quantities or specified

6 No. 19-3465

quantities "except as provided in subparagraphs (A), (B), and (D)"[1] were subject to § 841(b)(1)(C)'s penalty range of 0 to 20 years. 21 U.S.C. § 841 (2006).

Section 2 of the Fair Sentencing Act increased the quantities of crack cocaine that trigger the respective penalties. *Shaw*, 957 F.3d at 737. Now, § 841(b)(1)(A)(iii) applies to convictions involving 280 grams or more of controlled substances, and § 841(b)(1)(B)(iii) applies to convictions involving 50 grams or more. Section 841(b)(1)(C) continues to apply to convictions involving unspecified quantities and specified quantities not "provided in subparagraphs (A), (B), and (D)." 21 U.S.C. § 841 (2012).

The crux of the issue here is whether the Fair Sentencing Act "modified" § 841(b)(1)(C) even though it did not alter its text. In ordinary speech, "'[m]odify' … connotes moderate change." *MCI Telecomms. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 228 (1994); *see also United States v. Woodson*, 962 F.3d 812, 816 (4th Cir. 2020) (citing Webster's Third New International Dictionary 1452 (2002) ("to make minor changes in the form or structure of: alter without transforming"); 9 Oxford English Dictionary 952 (2d ed. 2004) ("[t]o make partial changes in"); Black's Law Dictionary 1157 (10th ed. 2014) ("[t]o make somewhat different; to make small changes to (something) by way of improvement, suitability, or effectiveness")).

The First and Fourth Circuits have applied the broad definition to conclude that the Fair Sentencing Act did modify § 841(b)(1)(C) "when [it] changed the quantities of crack cocaine to which Subsection 841(b)(1)(C) applies." *Woodson*, 962

---

[1] 21 U.S.C. § 841(b)(1)(D) is not relevant to our analysis; it describes the penalty for certain offenses involving marijuana.

F.3d at 816–17; *Smith*, 954 F.3d at 450. The Third Circuit, on the other hand, defined "modify" more narrowly, determining that "[s]ince 'modify' and 'change' are close synonyms, something that is completely unchanged has not, in ordinary parlance, been 'modified.'" *Birt*, 966 F.3d at 260. And the Third Circuit concluded, as the government argues now, that the Fair Sentencing Act did not "modify" § 841(b)(1)(C) because it "remains the same to the last letter." *Id.*

We respectfully disagree with the Third Circuit's approach. Congress chose the word "modified," and "[u]nless otherwise defined, statutory terms are generally interpreted in accordance with their ordinary meaning." *BP Am. Prod. Co. v. Burton*, 549 U.S. 84, 91 (2006) (citing *Perrin v. United States*, 444 U.S. 37, 42 (1979)). Therefore, we do not think that a "modification" must be limited to solely textual alterations; instead, any "moderate change," *MCI Telecomms. Corp.*, 512 U.S. at 228, will suffice. And, as we've stated before, "the Fair Sentencing Act changed the quantity that triggers certain penalties of imprisonment," *Shaw*, 957 F.3d at 737, including the penalties under § 841(b)(1)(C).

Before the Fair Sentencing Act, § 841(b)(1)(A)(iii) covered quantities of crack cocaine of 50 grams or more, and § 841(b)(1)(B)(iii) covered quantities of 5 grams or more— § 841(b)(1)(C), therefore, covered specified quantities below 5 grams and unspecified quantities.

After the Fair Sentencing Act, however, the threshold quantity triggering § 841(b)(1)(A)(iii) increased to 280 grams and § 841(b)(1)(B)(iii) increased to 28 grams. And so § 841(b)(1)(C) began—for the first time—to cover convictions

Case: 1:95-cr-00508 Document #: 1308-1 Filed: 01/08/21 Page 8 of 9 PageID #:4597

8 No. 19-3465

involving quantities between 5 grams and 28 grams.[2] "Reading these subsections [841(b)(1)(A)(iii), (B)(iii), and (C)] together, before the Fair Sentencing Act, crack cocaine trafficking offenses fell into three brackets," and "[t]he Fair Sentencing Act's amendments to Subsections 841(b)(1)(A)(iii) and (B)(iii) shifted all three brackets upward." *Woodson*, 962 F.3d at 815. In so doing, the Act "modified" the "statutory penalties" for § 841(b)(1)(C) convictions. *Id.*; *see also Smith*, 954 F.3d at 450 (reaching the same conclusion in the alternative). As we conclude above, the Fair Sentencing Act modified the statutory penalties for § 841(b)(1)(C), so all convictions under that subsection—regardless of whether they are subject to a different penalty range—are "covered offenses."

Accordingly, Hogsett's crime under § 841(a)(1), (b)(1)(C) is a "covered offense," and he is eligible for resentencing under the First Step Act.

### III. CONCLUSION

Our holding today does not mandate a reduced sentence for Hogsett or anyone else convicted under this statute. "It is for the district court, in its discretion, to undertake a 'complete review' of [Hogsett's] motion and to determine

---

[2] In *Shaw*, we demonstrated the Fair Sentencing Act's operation through charts, in which we referred to § 841(b)(1)(C)'s drug-quantity element as "any." 957 F.3d at 736–37. The government argues that, in doing so, we did away with § 841(b)(1)(C)'s quantity element. However, *Shaw*'s holding says nothing about the status of a conviction under § 841(b)(1)(C); indeed, the defendants in that case were convicted under § 841(b)(1)(A) and (B). *Id.* at 738. Insofar as the charts led the government astray, we now clarify that § 841(b)(1)(C) covers convictions for unspecified quantities and specified quantities of crack cocaine not provided for by § 841(b)(1)(A) or (B), as its own text makes clear.

whether he is entitled to relief." *Shaw*, 957 F.3d at 743 (quoting First Step Act, § 404(c)).

We REVERSE and REMAND for the district court to determine whether Hogsett's sentence should be reduced.