**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -v- | ) | No. 95 CR 508-1 |
| | ) | Hon. Harry D. Leinenweber |
| LARRY HOOVER, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S REPLY TO
GOVERNMENT'S SUPPLEMENTAL RESPONSE TO
DEFENDANT'S MOTION FOR RELIEF UNDER THE FIRST STEP ACT**

On February 8, 2021, the Government filed a Supplemental Response to Larry Hoover's Motion for Relief Under the First Step Act. [ECF 1310]. The Government wishes to call the Court's attention to an indictment it filed recently in the Southern District of Illinois, an indictment that charges a number of alleged, present-day Gangster Disciples gang members with racketeering conspiracy, murder in aid of racketeering, and related offenses. *See United States v. Smith, et al.*, No. 21 CR 30003 (S.D. Il.). Although the *Smith* indictment does not link Hoover to any of these alleged criminal acts, the office in the Southern District found a way to inject his name into the case, and the Government borrows those references here to try and convince the Court that it should deny Hoover First Step Act relief. The Government's supplemental response does not support its argument.

First, the Government attaches and quotes from the new indictment, *see* ECF 1310-1, Ex. A, which accuses alleged present-day Gangster Disciple gang members with a racketeering conspiracy comprising threatened violence, actual violence, and narcotics distribution. The alleged conspiracy, which allegedly began sometime around December 2009, *see id.*, Ex. A, pg.

1

6, ¶ 13, and the resulting criminal acts, had nothing to do with Hoover, who the entire time was locked away in the most secure federal prison in America, his every conversation, correspondence and movement unremittingly monitored in real time. Thus, though the indictment invokes Hoover's name, it does not identify him as an unindicted co-conspirator or, as it does with the named defendants, list him as having had any "role" in the alleged scheme. *Id.*, Ex. A, pg. 2, ¶ 3. The inclusion of Hoover's name is irrelevant, likely inserted by the Southern District purely for its notoriety, and should not be allowed to influence the decision to be made here.

      Specifically, the Southern District indictment injects Hoover's name in four places. Once it is simply to identify him along with titles he allegedly held, *e.g.,* Chief, Chairman, Dad, or Old Man. *Id.,* Ex. A, ¶ 3(a), and twice to allege that Gangster Disciple members allegedly celebrate his birthday, *id.,* ¶¶ 8, 13. The fourth mention alleges that in September 2014 one of the defendants, Dobbins, supposedly told another defendant, Griffin, that Hoover had appointed the two of them as Gangster Disciple Board Members. *Id.,* Overt Act, ¶ 2. The indictment does not connect Hoover's alleged title, the alleged celebration of his birthday, or, assuming it is even true, the alleged "appointment," to any of the allegedly committed crimes. The allegations simply do not offer any bases for denying First Step Act relief.

      The Government goes on to recount an incident Hoover covered previously in his Reply Memorandum in Support of First Step Act Relief. [ECF 1264, at 15]. After a sixteen (16) year period during which time Hoover did not commit a single infraction, in June 2015, another inmate – unidentified in the original pleadings but now identified as Dobbins – attempted to have an unauthorized communication with him. [ECF 1282-2, Ex. B at 21]. Staff discovered a pocket dictionary in Dobbins' possession that contained what appeared to be hidden codes. Hoover had

the same dictionary. All that could be determined was that Dobbins, like Hoover, also apparently housed in solitary confinement, wished to find a way to communicate with him. ADX Florence charged Hoover originally with a "Communicating Gang Affiliation" offense, but lacking evidence that it involved gang activity it removed that charge and found instead "Use of the Mail for Abuses Other Than Criminal Activity, Circumventing the Mail," based on Hoover being the intended recipient of an unauthorized communication. [ECF 1310-2, at 8].

That was almost six years ago. The Government writes that after a hearing the Bureau of Prisons found that "Hoover engaged in [an] unauthorized communication with Dobbins … via coded messaging." [ECF 1310, Gov. Mem. at 4]. More accurately, it was Dobbins wishing to engage in an unauthorized communication with Hoover. The prison found no evidence of communication from Hoover to Dobbins, but surmised a possible prior contact and a possible intention to do so. [ECF 1310-2 at 7-8].[1] The prison found insufficient evidence to determine the communication involved gang activity, a significant concession considering its willingness to characterize almost any of Hoover's communications with the outside world as "gang related," even correspondence sent by his attorneys. *See* ECF 1264, Ex. F.

The Government's overarching argument is that Hoover maintains ongoing stature and power within the Gangster Disciples such that a discretionary reduction in sentence "would send a shockwave through the community and embolden members who still look to Hoover as their inspirational leader." [ECF 1310, at 4-5]. The fact is that Hoover has been imprisoned for forty (40) years, the last two decades in solitary confinement in the most secure prison in America. He has done nothing to "inspire" anyone to commit a criminal act; as related in his earlier filed

---

[1] According to the prison, Hoover allegedly said that maybe he was planning to communicate but hadn't yet. [ECF 1310-2 at 7].

3

memoranda, his actions subsequent to incarceration have only been positive. The *Smith* indictment and the unauthorized communication incident do not link Hoover to criminal activity or anything else that should lead the Court to deny his motion.

## **CONCLUSION**

Wherefore, for the reasons stated above, and in the Defendant's prior memoranda, Defendant respectfully requests that his motion for First Step Act relief be granted.

Respectfully submitted,<br>
LARRY HOOVER

By: /s/ Barry A. Spevack

Michael D. Monico
mm@monicolaw.com
Barry A. Spevack
bspevack@monicolaw.com
MONICO & SPEVACK
53 West Jackson, Suite 1315
Chicago, IL 60604
312-782-8500

Justin A. Moore, ESQ
justin@moorejustice.net
1910 Pacific Avenue #8000
Dallas, TX 75201
(P) 214-794-1069
(F) 972-228-8812

Attorneys for Defendant

## AFFIDAVIT OF SERVICE

Barry A. Spevack, an attorney, states that he served all the parties to this matter through the Court's ECF Filing System on February 15, 2021.

/s/ Barry A. Spevack