# Exhibit L

State of Illinois
Appellate Court
Fourth Judicial District

In the APPELLATE COURT sitting at SPRINGFIELD, within and for the State of Illinois.

Present:   Honorable SUE E. MYERSCOUGH, Judge
           Honorable ROBERT J. STEIGMANN, Judge
           Honorable ROBERT W. COOK, Judge

BE IT REMEMBERED, that on the 23rd day of July, 2001, the final judgment of said Appellate Court was entered of record as follows:

| | |
|---|---|
| LARRY HOOVER, | General No: 4-00-0897 |
|     Plaintiff-Appellant, | |
| v. | Appeal from the |
| GEORGE RYAN, Governor of the State of Illinois; DONALD SNYDER, Director of the Illinois Department of Corrections; and ANNE R. TAYLOR, Chairman of the Prisoner Review Board, | Circuit Court of Sangamon County 99MR408 |
|     Defendants-Appellees. | |

It is the decision of this court that the order on appeal be AFFIRMED and stand in full force and effect.

Costs, if any, to be taxed in accordance with the law.

As Clerk of the Illinois Appellate Court for the Fourth Judicial District and keeper of the records, files and Seal thereof, I certify that the foregoing is a true statement of the final order of said court in the above entitled cause, of record in my office.



IN WITNESS WHEREOF, I have set my hand and affixed the Seal of the Illinois Appellate Court for the Fourth Judicial District, this 7th day of March, 2002.

Clerk, Appellate Court for the Fourth Judicial District

NO. 4-00-0897

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT



FILED
JUL 23 2001
Clerk of the
Appellate Court, 4th Dist.

| | | |
|---|---|---|
| LARRY HOOVER, | ) | Appeal from |
|     Plaintiff-Appellant, | ) | Circuit Court of |
|     v. | ) | Sangamon County |
| GEORGE RYAN, Governor of the State of | ) | No. 99MR408 |
| Illinois; DONALD SNYDER, Director of | ) | |
| the Illinois Department of | ) | |
| Corrections; and ANNE R. TAYLOR, | ) | |
| Chairman of the Prisoner Review | ) | Honorable |
| Board, | ) | Thomas R. Appleton, |
|     Defendants-Appellees. | ) | Judge Presiding. |

ORDER MODIFIED ON DENIAL OF REHEARING

In November 1999, plaintiff, Larry Hoover, filed a complaint seeking a declaratory judgment that he is no longer subject to the jurisdiction of the State of Illinois, Department of Corrections (DOC). Hoover claimed that defendants lost jurisdiction over him when they allowed him to be transferred from the Illinois prison system to the Federal Bureau of Prisons (Bureau) pending trial on certain federal charges and to serve out his sentence upon conviction of those charges. The trial court dismissed the case, finding no actual controversy between the parties requiring intervention by the court. Hoover appeals, arguing that an actual controversy exists between the parties that is a proper basis for a declaratory judgment. We affirm.

I. BACKGROUND

According to Hoover's complaint, in about 1972, the Cook County Circuit Court convicted him of murder (Ill. Rev. Stat. 1971, ch. 38, par. 9-1) and sentenced him to 150 to 200

years' imprisonment. See People v. Hoover, 35 Ill. App. 3d 799, 342 N.E.2d 795 (1976) (affirming the conviction). The court remanded Hoover to DOC's custody. DOC held Hoover in various state prisons until August 1995.

In August 1995, the United States indicted Hoover for certain federal crimes. The State then allowed Hoover's transfer to a prison under the jurisdiction of the United States. In May 1997, a jury convicted Hoover of the federal charges. In June 1998, the United States District Court for the Northern District of Illinois sentenced Hoover to multiple terms of life imprisonment as well as a term of years. The court remanded Hoover to the Bureau, and he is currently being held at the United States penitentiary at Florence, Colorado. Hoover appealed the federal convictions, which were pending before the United States Court of Appeals for the Seventh Circuit.

Hoover's complaint stated that defendants have not sought to regain custody of him to serve the sentence imposed by the Cook County Circuit Court and have acquiesced in his incarceration in federal prisons. Thus, Hoover alleged that defendants have abandoned their jurisdiction over him and the right to compel him to serve the rest of his state sentence.

The Prisoner Review Board (Board) has conducted parole hearings for Hoover while he has been incarcerated in federal prison. Hoover stated in his complaint that he objected to the hearings because the Board does not have jurisdiction over him.

Hoover requested in his complaint that the trial court

declare that defendants no longer have jurisdiction over him and that he is not subject to the state prison sentence previously imposed. He also requested the court to enjoin defendants from seeking to enforce his state sentence or reclaim jurisdiction over him. Hoover alternatively sought a writ of habeas corpus for defendants to produce him and to direct defendants to comply with the stated requests.

In December 1999, defendants filed a motion to dismiss (735 ILCS 5/2-619(a) (West 1998)), claiming that Hoover failed to cite any legal authority for his contentions and that the matters raised by Hoover were not ripe for adjudication. In March 1999, Hoover responded that he did not claim he was wrongfully transferred from an Illinois prison to a federal prison; rather, his transfer constituted an abandonment by Illinois of its jurisdiction over him. Moreover, Hoover contended this case presented a justiciable issue because defendants continue to exercise jurisdiction over him. Hoover denied that the issue was not ripe for review and contended that an actual controversy exists between the parties.

On May 18, 2000, the trial court entered an order granting defendants' motion to dismiss, stating that the grant of a declaratory judgment is within a court's discretion but must be based on the existence of an actual controversy. See 735 ILCS 5/2-701(a) (West 1998). It further stated "that while the jurisdiction of the State of Illinois over [p]laintiff could become an issue between the parties, it is not currently a

controversy between them requiring the intervention of this [c]ourt."

On June 16, 2000, Hoover filed a motion to vacate the trial court's order (see 735 ILCS 5/2-1301 (West 1998)) and sought leave to file a first-amended complaint. The motion alleged that an actual controversy existed between the parties because, in December 1998, DOC wrote to the Bureau asking that a hold be placed on Hoover "as he is obligated by law to serve the appropriate sentence issued by the courts."

Later in June 2000, defendants filed a response, claiming that Hoover's alleged controversy will not exist unless the multiple life sentences that he now serves in the federal prison are reduced or removed. Defendants further argued that placing a "hold" on Hoover does not create a current injury or threat of injury, and this hold has no effect on Hoover at this time.

In September 2000, the trial court entered an order granting Hoover's motion to file his first-amended complaint and denying Hoover's motion to vacate dismissal of the case. The court then extended dismissal of the original complaint to the amended complaint.

Hoover appeals.

## II. ANALYSIS

On appeal, Hoover argues that the trial court erred in granting defendants' motion to dismiss because an actual controversy exists between the parties that a declaratory judgment

- 4 -

would properly resolve. The test of sufficiency of a declaratory judgment action is whether the complaint "alleges facts showing an actual or justiciable controversy between the parties and prays for a declaration of rights and other legal relations of the parties." La Salle Casualty Co. v. Lobono, 93 Ill. App. 2d 114, 118, 236 N.E.2d 405, 408 (1968). The three elements for a "declaratory judgment include: (1) a plaintiff with a legal tangible interest; (2) a defendant with an opposing interest; and (3) an actual controversy between the parties concerning such interest." City of Quincy v. Carlson, 163 Ill. App. 3d 1049, 1056, 517 N.E.2d 33, 37 (1987); see also, e.g., Griffin v. County of Cook, 369 Ill. 380, 398, 16 N.E.2d 906, 915 (1938).

We review the trial court's granting of the motion to dismiss de novo. AG Farms, Inc. v American Premier Underwriters, Inc., 296 Ill. App. 3d 684, 688, 695 N.E.2d 882, 886 (1998). Hoover points out that the Supreme Court of Illinois has stated as follows:

> "As used in this phrase, 'actual' does not mean that a wrong must have been committed and an injury inflicted; rather, the term requires a showing that the underlying facts and issues of the case are not moot or premature with the result that a court passes judgment upon mere abstract propositions of law, renders an advisory opinion, or gives legal advice concerning future events."

Messenger v. Edgar, 157 Ill. 2d 162, 170, 623 N.E.2d 310, 314 (1993).

Hoover contends here that the Board continued to have parole hearings concerning him. Moreover, Hoover argues the State sent a letter in December 1998 to the Bureau requesting Hoover be held for return to DOC in the event of his release from federal prison. Thus, Hoover states as follows:

> "This letter of December 14, 1998, eliminates any doubt, assuming for argument purposes that one existed, about the existence of a controversy between the parties that plaintiff is entitled to have resolved now. Plaintiff's appeal of his [f]ederal [s]entences is in progress and should be resolved with the next [6] to 24 months. If he is successful on that appeal, plaintiff should not then be compelled to be returned to Illinois on his state sentence before he is permitted to commence litigation to have the [c]ourt determine the right of the State of Illinois to require him to complete his Illinois sentence."

However, defendants argue that no actual controversy exists at this time that would give rise to a declaratory judgment action. Defendants contend that, although the actual controversy requirement does not mean that a wrong must have been

committed or an injury inflicted, it is meant to distinguish justiciable issues from abstract or hypothetical disputes. McClellan v. Banc Midwest, 164 Ill. App. 3d 304, 311-12, 517 N.E.2d 762, 767-68 (1987). The requirement of an actual controversy means that the issues of the case are not moot or premature, so as to require the court to pass judgment on an abstract proposition, render an advisory opinion, or give legal advice on future events. Delano Law Offices, P.C. v. Choi, 154 Ill. App. 3d 172, 173, 506 N.E.2d 723, 724 (1987). A court will not declare the rights of parties on a state of facts that have not arisen and may never arise or on a matter that is future, contingent, and uncertain. Continental Illinois National Bank & Trust Co. v. Bailey, 104 Ill. App. 3d 1131, 1139, 433 N.E.2d 1098, 1103 (1982).

Moreover, defendants argue that Hoover's argument on appeal confirms the trial court's assessment. Defendants point out that Hoover's brief states "should the [Unites States Bureau] release Mr. Hoover, the State of Illinois would seek custody of Mr. Hoover to complete the Illinois sentence," and "if he is successful on that appeal." The State argues that this shows Hoover acknowledges that this is only a possible future controversy. The State argues that this is true even if a hold has been placed on him and the State continues to hold parole hearings.

We agree with the State. In addition, we grant appellee's motion to cite additional authority. In this case, no

actual controversy exists at this time. The letter requesting that a hold be placed on Hoover and the Board's review of Hoover for parole do not create an actual controversy. The actual controversy requirement is meant to distinguish justiciable issues from abstract or hypothetical disputes and is not intended to prevent the resolution of concrete disputes admitting of a definitive and immediate determination of the rights of the parties. Alderman Drugs, Inc. v. Metropolitan Life Insurance Co., 79 Ill. App. 3d 799, 803-04, 398 N.E.2d 984, 987 (1979). Hoover's entire presumption of an actual controversy relies on the possibility that the federal court will reverse all of his federal convictions. There is no certainty or even reason to believe this will happen. See Continental, 104 Ill. App. 3d at 1139, 433 N.E.2d at 1103. This matter is premature, contingent, and uncertain. No actual controversy between the parties exists that is now ripe for adjudication.

### III. CONCLUSION

Accordingly, we affirm the trial court's judgment.

Affirmed.

MYERSCOUGH, J., with STEIGMANN, P.J., and COOK, J., concurring.